**Mark D. SANTOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74464.

Agency No. A75–306–937.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armando G. Salazar, San Jose, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Isaac R. Campbell, Richard M. Evans, Michelle R. Slack, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Mark Santos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Santos argues that he has demonstrated a well-founded fear of persecution. An alien must "point[ ] to credible, direct, and specific evidence in the record ... that would support [an objectively] reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted). In this case, substantial evidence supports the IJ's conclusion that the threatening letter of unknown provenance on which Santos's claim is based does not suffice to establish a well-founded fear of persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) ("[A] petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." (quotation marks and citation omitted)).

By failing to qualify for asylum, Santos necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

